Baltimore Life Insurance Company, Appellant, *v.* Gleisner.

*Equity—Jurisdiction—Continuing injury—Slander and libel.*

The right of action for a tort such as libel or slander is at law, and a bill in equity cannot be maintained to restrain it as a continuing injury, unless the complainant's right is so clear as to be conceded, or already established by the verdict of the jury. If the complainant's right depends on facts, the burden of proof of which is on the complainant, the case is necessarily for the jury in the first instance.

Argued Jan. 14, 1902. Appeal, No. 309, Jan. T., 1901, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1901, No. 4323, dismissing bill in equity in case of Baltimore Life

Insurance Company v. Henry Gleisner and The Commonwealth Beneficial Association.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Bill in equity for an injunction.

The bill was as follows:

1. That your orator is a corporation duly chartered by the laws of the state of Maryland and carrying on an insurance business in the commonwealth of Pennsylvania under the authority and in accordance with the laws of this commonwealth and by virtue of said charter and authority has issued policies for sick benefits collecting dues from its members and paying out weekly sick benefits to those entitled thereto.

2. Your orator further complains and says that for about five years last past it has had in its employ as its agent in soliciting business and collecting the weekly dues of its members, one Henry Gleisner, the defendant above named. That it sent out the said Henry Gleisner among its members to deal with them for it, and that the said Henry Gleisner thus acquired a knowledge of the said members and a reputation amongst them of a knowledge of the affairs of your said orator.

3. Your orator further complains and says that the said Henry Gleisner left the employ of your orator on August 31, 1901, and entered that of the Commonwealth Beneficial Association, a corporation as your orator is informed and believes chartered by the court of common pleas, as a corporation of the first class, and as such not entitled to do an insurance business in this commonwealth, and in fraud of the right of your orator falsely informed the members of your orator's association that your orator had or was going out of the sick benefit branch of its business and that it would pay no more sick benefits, and told the said members further that the said Commonwealth Beneficial Association would take the said policies and replace them with its own, making the same fully beneficial at once, and that he is still making the said assertions; whereas your orator has no intentions to abandon the sick benefit branch of its business, and is and still intends to pay sick benefits to such of its members as are entitled thereto.

4. Your orator further complains and says that in conse-

quence of the false and untrue statements of the said Henry Gleisner, numbers of the members of your orator's society have been induced to and are being induced to give up their policies and pass-books to the said Henry Gleisner and the said Commonwealth Beneficial Association, and to take out policies in the said Commonwealth Beneficial Association. And the said Commonwealth Beneficial Association has been taking up the policies and books of your orator's association and issuing its own in place of the same stating that said policies are in full benefits immediately. Wherefore, your orator is injured and deprived of its right in the premises, and complains that such action on the part of the defendants will cause him very great and irreparable loss and damage, contrary to equity and in disregard and violation of its right.

The prayer was for an injunction.

The defendant demurred to the bill.

The court entered a decree sustaining the demurrer.

*Error assigned* was the decree of the court.

*Edward A. Anderson*, with him *John H. Fow*, for appellant.

*Frank S. Christian, Ira J. Williams, Alex. Simpson* and *Francis Shunk Brown*, for appellee were not heard.

OPINION BY MR. JUSTICE MITCHELL, May 5, 1902:

So far as a cause of action is stated in the bill it is one for slander or libel, and cognizable at law. It is urged that the injury is a continuing one, for which there is no accurate measure of damages, and therefore is within the province of equity. But even in that class of cases the complainant's right must be so clear as to be practically conceded, or it must first be established by the verdict of a jury. In the present case complainant's right of action depends on facts, the burden of proof of which is on complainant, and which necessarily are for a jury in the first instance. The want of equity being apparent on the face of the bill, the demurrer was properly sustained.

Decree affirmed.